IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEDECIA MANNA<br>d/b/a 9th AND LLOYD INSPECTIONS,<br>     Plaintiff, | :<br>:<br>:<br>: | |
| v. | : | CIVIL ACTION NO. 23-CV-4065 |
| | : | |
| PARSONS COMMERCIAL<br>TECHNOLOGY GROUP, INC., *et al.*,<br>     Defendants. | :<br>:<br>:<br>: | |

## ORDER

AND NOW, this 18th day of June, 2024, upon consideration of Plaintiff Kedecia Manna's Motion to Proceed *In Forma Pauperis* (ECF No. 1), and her *pro se* Second Amended Complaint (ECF No. 6), and Kayla Labowski's Motion to Dismiss the Second Amended Complaint (ECF No. 7), it is **ORDERED** that:

 1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

 2. The Second Amended Complaint is **DEEMED** filed.

 3. For the reasons stated in the Court's Memorandum, the following claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):  Counts Seven and Eight; that part of Count Nine asserting claims based on 18 U.S.C. § 245; Counts Twelve, Thirteen and Sixteen; Manna's claims against the DOT for money damages and injunctive relief; her official capacity claims against Thomas Bishop, Gregory Neely, Kayla Labowski, Ernest F. Manna, V, Tetyanna Manna, andErnest F. Manna, IV;  and any § 1985 conspiracy claims.

 4. For the reasons stated in the Court's Memorandum, the following claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C.

1915(e)(2)(B)(ii):  Manna's equal protection claims, her state law claims for tortious interference with contractual relations and tortious interference with prospective economic advantage, and her claims against 9th and Lloyd Fast Auto Tags and State Inspections and ManFam Real Estate.

    5.    The Clerk of Court is **DIRECTED** to send Manna a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number.  Manna may use this form to file her amended complaint if she chooses to do so.

    6.    Manna may file a third amended complaint within thirty (30) days of the date of this Order.  Any third amended complaint must identify all defendants in the caption of the third amended complaint in addition to identifying them in the body of the third amended complaint and shall state the basis for Manna's claims against each defendant.  The third amended complaint shall be a complete document that does not rely on the initial Complaint, the Amended Complaint, or the Second Amended Complaint, or other papers filed in this case to state a claim.  When drafting her third amended complaint, Manna should be mindful of the Court's reasons for dismissing the claims in her Second Amended Complaint as explained in the Court's Memorandum.  **Manna is not to include in the third amended complaint any claim already dismissed with prejudice by the Court.**  Upon the filing of a third amended complaint, the Clerk shall not make service until so **ORDERED** by the Court

    7.    If Manna does not file an amended complaint the Court will direct service of her Second Amended Complaint on Defendants Stephen Madrak, Troy Roadcap, Christopher Tustin, Kayla Labowski, Ernest F. Manna, V, Parsons Commercial Technology Group, Inc., Thomas Bishop, and Gregory Neely only.  Manna may also notify the Court that she seeks to proceed on

her surviving claims against these Defendants rather than file a third amended complaint.  If she files such a notice, Manna is reminded to include the case number for this case, 23-4065.

8. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

9. Kayla Labowsi's Motion to Dismiss the Second Amended Complaint (ECF No. 7) is **DENIED AS MOOT**.

                **BY THE COURT:**

                *[signature]*

                **MIA R. PEREZ, J.**